By the Court, Bronson, J.
The demand of the note was • of no avail, for the reason that it was made after the suit had been commenced by delivering the writ' to the sheriff to be served. This presents the question whether the action could he maintained without a previous demand. ' It is settled that replevin in the detinet, as well as the cepit, will lie for a wrongful taking-, and in that case no demand is necessary. (Cummings v. Vorce, 3 Hill, 282.) Hannah Sharp took the note tortiously, and delivered it to the defendant. Trespass, or replevin in either form, might have been brought against her. Will it lie against the defendant ? In Barret v. Warren, (3 Hill, 348,) we held that a -demand was necessary before an action could be maintained against one who purchased the goods bona fide, or received them as a bailee, without any fault on his .part, from a wrongdoer. But it is enough for the plaintiff to show his title, .and the original tortious taking-. The burden then lies on the purchaser or bailee to show that he came to the possession of the property for a lawful purpose, and in perfect good faith. If he knew, or had any reason to believe, that he was dealing with one who acquired the property unlawfully, he may then be treated as a wrongdoer, without any demand by the true *615 owner. In this case, if we lay the receipt out of view, as I think we must, there is nothing to show that the defendant received the note for any lawful purpose. "The fact that he is an attorney, standing aloné, proves nothing to the purpose. It is the naked case of a man’s receiving goods by delivery from a trespasser, without showing why or to what end the delivery was made. I think the owner may treat such an one as a wrongdoer without any prior demand. Trespass, or replevin in the cepit, would lie.
It is said that the note was delivered to the defendant for collection, and that the receipt was properly admitted as a part of the res gestee. But the witness does not say one word about a delivery for collection; and it does not appear that the receipt was made at that time, or that it was ever in the hands of Hannah Sharp. For aught that appears, it may have been made after the trial commenced. I will not presume that the defendant has done any thing which is wrong; but before he can defeat the plaintiff’s action he must show affirmatively that he is without fault. The receipt should not have been received in evidence.
On the new trial which must be ordered, it may again become a question what damages should be awarded to the defendant in case he succeeds. And clearly, he will not be entitled to the value of the property; but only to nominal damages. The plea was non detinet, which put in issue, first, the detention, and second, the property of the plaintiff in the goods. (2 R. 3. 529, § 40.) There was no further plea or notice' to entitle the defendant to a return. (§ 44.) When the defendant obtains judgment by discontinuance or nonsuit before pleading—for so I think the statute must be construed—he is entitled to a return of the goods. But when he obtains judgment by default or otherwise after having pleaded, he can only have a return of the goods where the matter pleaded would, if true, entitle him to such return. And it is only where he is entitled to a return, that he can waive that right, and take judgment for the value of the property. (§ 53—55.) It is settled that success upon the plea of non cepit does not entitle the defendant to a return of the property, or to the value as a substitute. He must add *616 an avowry or cognizance, or plead property in himself or a third person. (The People v. Niagara C. P., 4 Wend. 207; Bemus v. Beekman, 3 id. 667; Smith v. Snyder, 15 id. 324; Prosser v. Woodward, 21 id. 205.) I' think the rule is the same on the plea of non detinet, unless the jury find both' branches of the issue in favor of the defendant. We have already seen that there are two branches to the issue upon that plea— the detention, and the property of the plaintiff. If the jury find that the plaintiff had no property in the goods, it may be that the defendant should then have a return; though the 44th section rather militates against that conclusion. It will be time enough to decide the point when it necessarily comes up. In this case it does not arise. The plaintiff clearly owns the note. The defendant has no lien or other interest in the property. If he succeeds, it must be on the sole ground that there should have been a demand before suit brought, and so the detention was not wrongful. It would be manifestly wrong in such a case to give judgment for a return, or for the value of the property. The defendant has lost nothing which belonged to him, and the plaintiff has got nothing but his own. Nominal damages for the technical wrong in proceeding without a demand is all that the defendant can recover.
New trial granted.